34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter J. McMAHON, Defendant-Appellant.
 Nos. 93-5139, 93-5201.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Peter McMahon challenges his conviction for escape, 18 U.S.C. 751(a), on the grounds that his guilty plea was given involuntarily, his prosecution violated the Double Jeopardy Clause, and his counsel provided ineffective assistance in violation of the Sixth Amendment. He also challenges his sentence as a violation of 18 U.S.C. 3582(a). Although he has served his sentence and is no longer in custody, we review Mr. McMahon's claims for their lingering adverse effects. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2135 n. 2 (1993) ("We often have observed, however, that the possibility of a criminal defendant's suffering collateral legal consequences from a sentence already served precludes a finding of mootness" (quotations omitted)). We have jurisdiction pursuant to 28 U.S.C. 1291 and we affirm.
 
 I. Voluntariness of Plea Agreement
 
 2
 Mr. McMahon alleges a violation of Fed.R.Crim.P. 11 in the government's failure to disclose an additional verbal agreement to the sentencing judge before his plea of guilty. He argues that he could not fully be advised of the consequences of his guilty plea, rendering it unintelligent. The government concedes the existence of an undisclosed verbal promise not to object to a motion for bail pending sentence and no such objection was made. Similarly, Mr. McMahon's awareness of the $50 special assessment, but not its payment schedule, does not involve impairment of a substantial right. See United States v. Gomez-Cuevas, 917 F.2d 1521, 1524-25 (10th Cir.1990). Further, where it is part of the plea agreement that the sentence will be in the trial court's discretion, the government does not breach that agreement by making a recommendation to the court. Because we determine below that Mr. McMahon's double jeopardy claim is without merit, we do not address his argument that his counsel's failure to advise him of the possibility of this claim made his guilty plea unknowing. We, therefore, conclude that Mr. McMahon's plea of guilty was voluntarily given.
 
 II. Double Jeopardy
 
 3
 Mr. McMahon's claim that the imposition of sanctions under 18 U.S.C. 3148 and his prosecution for escape under 18 U.S.C. 751 are cumulative and violate the double jeopardy clause also fails. Section 3148(a) provides for "a revocation of release, an order of detention, and a prosecution for contempt of court" where a released person violates a condition of his release. Because he was never prosecuted for contempt after his post-escape rearrest, however, Mr. McMahon was merely detained and then charged with escape. There is nothing in this scenario which suggests either multiple punishment or successive prosecution. See United States v. Dixon, 113 S.Ct. 2849, 2855-56 (1993) (majority of the Court).
 
 III. Ineffective Assistance of Counsel
 
 4
 Mr. McMahon claims one instance of his counsel's ineffectiveness at the appellate level and others that are trial related. Because his appellate claim is based on his attorney's failure to raise an argument on appeal which we address below on the merits, he cannot show prejudice under Strickland v. Washington, 466 U.S. 668, 691-694 (1984), and we will discuss only the trial-based claims.
 
 
 5
 No presumption of ineffectiveness can apply to this case based on insufficient preparation time, as Mr. McMahon requests, because the more than one-month continuance granted here is outside of the range we set in United States v. Hall, 843 F.2d 408, 412 (10th Cir.1988) (holding three weeks insufficient to create a presumption). Mr. McMahon alternatively argues that his attorney's failure to request an evidentiary hearing to investigate his factual innocence in conjunction with his motion to dismiss rendered his representation ineffective. Mr. McMahon's voluntary plea of guilty, however, forecloses such a claim of innocence. See United States v. Broce, 488 U.S. 563, 569 (1989).
 
 IV. Motion for Sentence Reduction
 
 6
 Mr. McMahon also appeals the denial of his second motion for a sentence reduction due to a subsequent change in the sentencing guidelines under 18 U.S.C. 3582(c)(2). Mr. McMahon notes two occurrences which he deems significant since we examined the denial of his first motion pursuant to that statute, namely the Supreme Court's decisions in Williams v. United States, 112 S.Ct. 1112 (1992) and Stinson v. United States, 113 S.Ct. 1913 (1993). Even assuming that these cases are to be applied retroactively, however, neither Williams nor Stinson requires a different result than that reached by the court on Mr. McMahon's first motion for a reduction in sentence.
 
 
 7
 Mr. McMahon argues that, as a result of these cases, the court's compliance with the policy statement in U.S.S.G. 1B1.10 (Retroactivity of Amended Guideline Range) is mandatory. He then suggests that 1B1.10 requires mandatory retroactive application of the amended guideline range. This is a leap we are unwilling to take. Both the policy statement and 3582(c)(2) put the determination of whether retroactively to apply a reduction in the court's discretion. United States v. Telman, No. 93-3324, 1994 WL 313473, at * 3 (10th Cir. June 30, 1994).
 
 
 8
 The court, however, "should consider the sentence that it would have originally imposed had the guidelines, as amended, been in effect at that time." U.S.S.G. 1B1.10(b) (emphasis in original). At the time of sentencing, 18 U.S.C. 3582(c)(2) provided that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."
 
 
 9
 Mr. McMahon contends the court abused its discretion in its exclusive reliance on section 3553(a)(1) and its failure to consider what sentence he would have received had the amended guideline been in effect. This, McMahon argues, is not "consistent with applicable policy statements" as required by 18 U.S.C. 3582(c)(2).
 
 
 10
 The district court order, however, reveals otherwise. The district court based its denial of Mr. McMahon's second motion on prior consideration of the "factors" enumerated in 3553(a) and declined to reduce Mr. McMahon's sentence from eighteen months, the maximum then allowable under the law. The court also clearly stated its awareness of the amended guideline range available under Mr. McMahon's circumstances at the time of sentencing. Section 3582(c)(2) requires nothing further.
 
 
 11
 Mr. McMahon similarly fails to show that the district court exercised its discretion in a discriminatory fashion, or that the procedures under 3582(c)(2) infringe on a protected interest, leaving his claims under the Equal Protection Clause and the Due Process Clause without merit.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument